UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| EARLIE B.A. BERRY, JR., | |
| Plaintiff, | |
| v. | CAUSE NO. 3:22-CV-237-JD-MGG |
| JOHN GALIPEAU, et al., | |
| Defendants. | |

OPINION AND ORDER

Earie B.A. Berry, Jr., a prisoner without a lawyer, filed a lawsuit under 42 U.S.C. § 1983 in the Southern District of Indiana, which was transferred to this court. (ECF 1, 5.) Court records reflect that Mr. Berry has incurred well over three "strikes" for filing lawsuits that were dismissed as frivolous, malicious, or for failure to state a claim. He was told as much by this court in May 2010.[1] *See Berry v. Allen County Sheriff's Office, et al.*, No. 1:10-CV-132-RM (N.D. Ind. closed Aug. 9, 2010).

An inmate who has "struck out" under 28 U.S.C. § 1915(g) "can use the partial prepayment option in § 1915(b) only if . . . he 'is under imminent danger of serious physical injury.'" *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996) (quoting 28

---

[1] Specifically, he incurred strikes in the following cases: *Berry v. Donahue*, No. 3:07-CV-42 (N.D. Ind. filed Feb. 2, 2007); *Berry v. Knight*, No. 1:07-CV-120 (S.D. Ind. filed Jan. 26, 2007); *Berry v. Donahue*, No. 1:07-CV-226 (S.D. Ind. filed Feb. 21, 2007); *Berry v. Anderson*, No. 1:07cv230 (S.D. Ind. filed Feb. 21, 2007); *Berry v. Knight*, No. 1:07-CV-231 (S.D. Ind. filed Feb. 21, 2007); *Berry v. Butts*, No. 1:07-CV-232 (S.D. Ind. filed Feb. 21, 2007); *Berry v. Barr*, No. 1:07-CV-233 (S.D. Ind. filed Feb. 21, 2007); and *Berry v. Perkins*, No. 1:07-CV-234 (S.D. Ind. filed Feb. 21, 2007). Since being told he was three-struck, he has filed suits without mentioning his three-strike status, leading to the dismissal of those cases as a sanction. *See, e.g., Berry v. Knight*, 1:18-CV-1322-WTL-MPB (S.D. Ind. closed May 4, 2018); *Berry v. Centurion Health Medical Serv.*, 1:18-CV-1327-WTL-MPB (S.D. Ind. closed May 4, 2018); *Berry v. Knight*, 1:18-CV-1323-SEB-DML (S.D. Ind. closed May 9, 2018); *Berry v. Knight*, 1:18-CV-1324-SEB-DML (S.D. Ind. closed May 9, 2018).

U.S.C. § 1915(g)). In order to meet the imminent danger standard, the threat complained of must be "real and proximate." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citation omitted). "Allegations of past harm do not suffice; the harm must be imminent or occurring at the time the complaint is filed." *Id.* In plain terms, only "genuine emergencies" qualify as a basis for circumventing 28 U.S.C. § 1915(g). *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). Additionally, "[c]ourts don't accept allegations of danger uncritically." *Sanders v. Melvin*, 873 F.3d 957, 960 (7th Cir. 2017). Courts will deny leave to proceed where imminent danger allegations "are conclusory or ridiculous, or where they concern only past injuries." *Taylor v. Watkins*, 623 F.3d 483, 485 (7th Cir. 2010).

Mr. Berry is currently incarcerated at Westville Correctional Facility ("Westville"), and arrived there in October 2021. He alleges that he is presently in imminent danger. In the complaint and attachments, he describes a host of problems he has experienced at Westville, including, among other things, arriving to find his cell dirty and damaged by the prior occupants, being housed in a dormitory with no windows, being denied clean clothing for the first four days after his arrival, having problems with his legal mail, experiencing problems with commissary purchases, and not being given eyeglasses, foot cream, and Tums. The court finds that these issues do not rise to the level of a "genuine emergency" or involve past injuries and thus cannot be pursued without prepayment of the filing fee.

Nevertheless, Mr. Berry describes two other issues that appear more serious. He claims that he is not being given regular blood sugar checks and proper medication to

manage his "borderline diabetic symptoms." He claims that he has brought this issue to the attention of Nurse Reed (first name unknown), Health Care Administrator Dorothy Livers, and Drs. Jackson and Liam (first names unknown), but they still will not give him necessary treatment or check his blood sugar to determine whether his condition has worsened, which he fears it has. Additionally, he claims that he fell down some stairs at Westville in December 2021 and since then has been experiencing shooting pain and numbness in his neck, shoulder, and hand. He claims to have sought treatment for his pain and numbness from the above individuals, but they have allegedly refused to assess his injuries or provide him any treatment. The court finds that these issues satisfy the imminent danger exception and will permit him to proceed on these claims under 28 U.S.C. § 1915(g).[2]

Because Mr. Berry is a prisoner, the court must screen the complaint under 28 U.S.C. § 1915A. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Berry is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

---

[2] For administrative reasons, the court will issue a separate order granting him leave to proceed in forma pauperis and specifying the process for collection of the fee, which he must pay in full over time. 28 U.S.C. § 1915(b)(1).

3

Under the Eighth Amendment, inmates are entitled to adequate medical care for serious medical conditions. *Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021). However, they are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997); *see also Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006) ("The Eighth Amendment does not require that prisoners receive unqualified access to health care.") (citation and internal quotation marks omitted). Rather, they are entitled to "reasonable measures to meet a substantial risk of serious harm." *Forbes*, 112 F.3d at 267. The court must "defer to medical professionals' treatment decisions unless there is evidence that no minimally competent professional would have so responded under those circumstances." *Walker*, 940 F.3d at 965 (citation and quotation marks omitted). Nevertheless, "inexplicable delay in responding to an inmate's serious medical condition can reflect deliberate indifference," particularly where "that delay exacerbates an inmate's medical condition or unnecessarily prolongs suffering." *Goodloe v. Sood*, 947 F.3d 1026, 1031 (7th Cir. 2020) (citations and internal quotation marks omitted).

Giving Mr. Berry the inferences to which he is entitled at this stage, he has plausibly alleged that he has a serious medical need with respect to diabetes and shooting pain and numbness he is experiencing in his neck, shoulder, and hand. It cannot be determined from his allegations how serious his diabetes is (as he refers to it as "borderline diabetic symptoms"), but the court considers that left untreated, diabetes can cause kidney disease, stroke, or even a fatal coma. *Miller v. Lemke*, 711 F. App'x 354,

355 (7th Cir. 2018). He has alleged enough to satisfy the objective prong. He has also plausibly alleged that Nurse Reed, Dr. Jackson, Dr. Liam, and Ms. Livers are aware of his medical issues but have refused to treat him, causing him pain and suffering. He will be permitted to proceed against these defendants on a claim for damages.

His complaint can also be read to seek injunctive relief related to his ongoing need for medical care for these issues. Westville Warden John Galipeau has both the authority and the responsibility to ensure that inmates at his facility are provided constitutionally adequate medical treatment for serious medical needs. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Therefore, he will be allowed to proceed on an Eighth Amendment claim against the Warden in his official capacity for injunctive relief related to his ongoing need for medical care.

Mr. Berry names three other defendants in his complaint. The first is someone he identifies as "Watts (Warden)," but it is unclear who this individual is and what role, if any, he or she played in denying Mr. Berry medical care.[3] Liability under 42 U.S.C. § 1983 is based on personal responsibility, and "Watts" cannot be held liable for other medical staff denying Mr. Berry medical care simply because he or she holds a supervisory position at the prison. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Furthermore, the court is permitting Mr. Berry to proceed on claim for injunctive relief against Warden Galipeau related to

---

[3] To the extent this defendant is named in connection with the dirty prison conditions, commissary issues, or other issues outlined above, the court is not permitting Mr. Berry to pursue those issues because they do not satisfy the imminent danger exception.

5

his ongoing need for care, as he is responsible for ensuring that inmates receive constitutionally adequate care. Watts will be dismissed as a defendant. He also sues John Harvil, the grievance specialist, for denying his grievances about his medical care, but this allegation does not give rise to an independent constitutional claim. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). Mr. Harvil will be dismissed.

He also names Centurion Health ("Centurion"), the private company that employs medical staff at Westville. Centurion cannot be held liable solely because it employs the medical professionals working at Westville. *J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020). A private company performing a public function can be held liable to the same extent as a government actor under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). *See Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012). Under *Monell*, municipal entities or corporations performing a public function "cannot be held liable for the unconstitutional acts of their employees unless those acts were carried out pursuant to an official custom or policy." *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (citations omitted). The purpose of the official policy requirement is to "distinguish between the isolated wrongdoing of one or a few rogue employees and other, more widespread practices." *Howell v. Centurion Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021). The "plausibility" standard set forth in *Twombly* and *Iqbal* applies equally to *Monell* claims. *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017); *McCauley v. City of Chicago*, 671 F.3d 611, 618 (7th Cir. 2011).

Mr. Berry makes a number of blanket assertions in his complaint that Centurion "expresses . . . customs" and "policies" that violated his rights. This is insufficient to

6

plausibly allege that Centurion adopted an official policy that violates the Constitution. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (merely "putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to [the plaintiff] that might be redressed by the law" is not enough to state a claim under federal pleading standards). He also does not describe any other alleged instances of inmates being mistreated to suggest that there was a de facto policy or widespread practice at play. *Dixon v. Cty. of Cook*, 819 F.3d 343, 348 (7th Cir. 2016) (*Monell* requires a plaintiff to show that an official policy "was the 'moving force' behind his constitutional injury"). Instead, his complaint describes failings by the individual medical professionals from whom he sought care. Centurion will be dismissed as a defendant.

As a final matter, Mr. Berry's complaint can be read to seek preliminary injunctive relief related to his current need for medical care. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). As to the first prong, "the applicant need not show that [he] definitely will win the case." *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). However, "a mere possibility of success is not enough." *Id.* at 762. "A strong showing . . . normally

7

includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id*. at 763 (quotation marks omitted). As to the second prong, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

"Mandatory preliminary injunctions" requiring the defendant to take affirmative acts are viewed with particular caution and are "sparingly issued[.]" *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020) (quotation marks omitted). Additionally, in the prison context, the court's ability to grant injunctive relief is significantly circumscribed; any remedial injunctive relief "must be narrowly drawn, extend no further than necessary to remedy the constitutional violation, and use the least intrusive means to correct the violation of the federal right." *Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012) (citations and internal quotation marks omitted). In light of these limitations, the court will order the Warden to respond to the request for preliminary injunctive relief before taking further action.

For these reasons, the court:

(1) DIRECTS the clerk to separately docket the complaint (ECF 1) as a motion for preliminary injunction;

(2) GRANTS the plaintiff leave to proceed against Dorothy Livers, Dr. Jackson, Dr. Liam, and Nurse Reed in their personal capacity for monetary damages for failing to provide adequate medical care for diabetes and pain and numbness in his shoulder, neck, and hand from October 2021 to the present in violation of the Eighth Amendment;

8

(3) GRANTS the plaintiff leave to proceed against Warden John Galipeau in his official capacity on a claim for injunctive relief under the Eighth Amendment to obtain medical care to adequately address his diabetes and pain and numbness in his shoulder, neck, and hand;

(4) DISMISSES all other claims;

(5) DISMISSES Centurion Health, Watts, and John Harvil as defendants;

(6) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Warden John Galipeau by email to the Indiana Department of Correction with a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(7) DIRECTS the clerk to fax or email a copy of the same documents to Warden John Galipeau at Westville Correctional Facility;

(8) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Dorothy Livers, Dr. Jackson, Dr. Liam, and Nurse Reed at Centurion Health and to send them a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(9) ORDERS the Indiana Department of Correction and Centurion Health to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent such information is available;

(10) ORDERS Warden John Galipeau to file and serve a response to the plaintiff's motion for a preliminary injunction no later than **May 13, 2022**, with supporting

documentation and declarations from staff as necessary, addressing the current status of the plaintiff's medical conditions; and

(11) ORDERS Warden John Galipeau, Dorothy Livers, Dr. Jackson, Dr. Liam, and Nurse Reed to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on March 28, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT